```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

William L. Garrett, Jr.         :

      Petitioner,           :

   v.                           :         Case No. 2:08-cv-0783

Ted Strickland, Governor,       :         JUDGE GRAHAM

      Respondent.           :

## REPORT AND RECOMMENDATION

William L. Garrett, Jr., a prisoner in the custody of the West Virginia Department of Corrections, has asked this Court to authorize the commencement of an action without prepayment of the full filing fee or costs under 28 U.S.C. §1915. Mr. Garrett has submitted an affidavit in support of his request, as well as a certified copy of his trust account statement obtained from an official at the Mt. Olivet Correctional Complex where he is apparently incarcerated.

Mr. Garrett alleges that he is the victim of false imprisonment. He was convicted in the Circuit Court of Cabell County, West Virginia of sexual assault in the first degree and kidnaping. On September 5, 1986, he was sentenced to a term of life imprisonment on the kidnaping charge to run consecutive to the sentence imposed for first degree sexual assault. Mr. Garrett argues that he was eligible for parole and should have been released no later than June 30, 1993. He further contends that he was denied at trial his Sixth Amendment right to effective assistance of counsel.

The Court construes Mr. Garrett's complaint as a petition for habeas corpus. See Preiser v. Rodriquez, 411 U.S. 475, 490 (1973)("Congress has determined that habeas corpus is the

appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement..."). The filing fee for filing a petition for habeas corpus is $5.00, which Mr. Garrett apparently cannot pay.

A habeas petition is required to name the custodian of the prison as the respondent. Mr. Garrett is in custody in West Virginia, so the proper respondent is the warden of the Mt. Olivet facility. In this case, Mr. Garrett has not named his custodian as the respondent. Had he done so, it would have been obvious that this Court cannot exercise jurisdiction over the warden of a West Virginia correctional facility. Because 28 U.S.C. §2241(a) requires that the court issuing the writ have jurisdiction over the custodian, see Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 495 (1973), this Court lacks habeas corpus jurisdiction over this case. Mr. Garret's remedy, if any, is to file a habeas corpus petition in the appropriate district in West Virginia.

Based on the foregoing, it is recommended that Mr. Garrett's request to proceed in forma pauperis be granted and that this action be dismissed for want of jurisdiction.

PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within ten (10) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the

findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. Section 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation <u>de novo</u>, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp
United States Magistrate Judge